FILED

3:03 pm, 4/28/14

Tim J. Ellis
Clerk of Court

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re ) | |
| ) | |
| ROBERT ALYN RAEL ) | Case No. 08-20251 |
| LISA LYNN RAEL ) | CHAPTER 11 |
| ) | |
| Debtors ) | |

## MEMORANDUM OPINION AND ORDER DENYING MOTION FOR ORDER TO SHOW CAUSE AND/OR FOR CONTEMPT CITATION

On April 9, 2014, the *Motion for Order to Show Cause and/or for Contempt Citation* ("Show Cause Motion") filed by Robert Rael and Lisa Rael ("Debtors") came before the court for an evidentiary hearing. Wells Fargo Bank, N.A. ("Bank") filed a response. Debtors allege that the Bank is in contempt for violating §§ 362(a)(3), (5), and, (6)[1]; and the provisions of the Debtors' confirmed amended Chapter 11 plan of reorganization ("Plan"). At the conclusion of the hearing, the court took the matter under advisement. Upon reviewing the record, testimony, Stipulation of Facts, parties' arguments, and applicable law, the court denies the motion.

Debtors filed their chapter 11 bankruptcy petition, schedules and statements on May 1, 2008.[2] Debtors' Plan was confirmed on January 20, 2010. Upon Debtors filing a *Final Report of Debtors-in-Possession and Motion for Final Decree*, the court entered the *Final Decree and Order Closing Case* on March 7, 2011.

---

[1] Unless otherwise noted, all statutory references are to Title 11 of the United States Code.

[2] Two companion cases were also filed: (1) Professional Contractors, Inc. (Case No. 08-20252) and Lovell's American Car Care Center, LLC, (Case No. 08-20128).

Thereafter, on June 14, 2011, Bank filed its *Motion to Dismiss or Convert Case*. The Debtors filed an objection on June 30, 2011 and an amended objection on December 31, 2012, asserting that the case was closed; had not been reopened; and, the Bankruptcy Court did not have jurisdiction to grant the relief requested by the Bank. The court did not rule on this motion as the case was closed.

Debtors moved to reopen the case on May 28, 2013, to "allow Debtors to enforce the terms of the confirmed Plan and to bring contempt actions for violation of the Automatic Stay." On October 15, 2013, Debtors filed the above-captioned Show Cause Motion. The court scheduled the evidentiary hearing, and after three joint motions to continue filed by the parties, the court heard the matter on April 9, 2014.

After the Bank filed its Motion to Dismiss or Convert the case with the Bankruptcy Court and realizing the case was closed, it filed a Complaint in the Fifth Judicial District Court in Big Horn County, Wyoming ("Wyoming District Court") against Debtors, Lovell's American Car Care Center, LLC ("LACCC") and Professional Contractor's Inc. ("Professional Contractors") requesting specific performance as to LACCC and breach of contract against Debtors and Professional Contractors ("Enforcement Action"). On February 23, 2012, Debtors filed answers in the Wyoming District Court proceedings. The Wyoming District Court entered its judgment against Debtors, LACCC and Professional Contractors on September 6, 2012, finding for the Bank.

Thereafter, Bank filed a Complaint for Declaratory Relief ("Declaratory Relief") in the Wyoming District Court on December 10, 2012 for a determination that Bank had a priority lien over the lien rights of all other defendants.[3]

Debtors allege that Bank's actions of (1) filing the Enforcement Action; (2) failure to provide prior written notice to Debtors before filing the Enforcement Action; and, (3) filing the Declaratory Relief action violated the stay and Plan.

<u>Violation of the stay or discharge injunction</u>

The court restates the issue as whether the creditor violated the automatic stay or discharge injunction for a chapter 11 **individual** debtor's post-confirmation defaults after a case is closed.[4] The case law is limited regarding this issue. Fortunately, one case from the Tenth Circuit Bankruptcy Appellate Panel addresses this issue.[5]

An individual chapter 11 debtor is not discharged from his or her debts upon plan confirmation, unless after notice and hearing, the bankruptcy court orders otherwise for cause. The discharge ordinarily occurs when an individual chapter 11 debtor complete all payments under the plan.[6] In this case, the court reviewed Debtors' Disclosure

---

[3] The defendants in this action are listed as: Robert A. Rael; Lisa L. Rael; State of Wyoming, Department of Workforce Services; State of Wyoming, Department of Revenue; United States Internal Revenue Service; Universal Roll Forming, Inc. a Utah corporation; Universal Industrial Sales, Inc., a Utah Corporation; Woodward Tractor and Rental, Inc., a Wyoming corporation.

[4] Emphasis added.

[5] *In re Houlik*, 481 B.R. 61 (10th Cir. BAP 2012).

[6] 11 U.S.C. §1141(d)(5).

Statement and Plan. The Disclosure Statement is silent regarding the Debtors' discharge. The Order Confirming Amended Plan states,

> "The debtor is discharged from any debt that arose before the date of confirmation and any debt specified in §502(g), (h), and (i), subject to the conditions and exceptions contained in 11 U.S.C. § 1141(d) and the confirmed plan."

As the individual debtor's discharge is a "condition or exception" stated under §1141(d)(5), Debtors' Plan provides that their discharge will not be entered until Debtors complete all payments under their Plan.

Debtors requested and received an order closing their case. Several courts have addressed the voluntary procedure of closing a chapter 11 individual bankruptcy case after confirmation of the plan, but prior to completion of the plan payments. The courts are split whether to allow this or not.[7]

Generally, individual debtors request their chapter 11 case be closed after it is fully administered under Fed. R. Bankr. P. 3022.[8] The reasons to close a case at this time are to eliminate (1) paying the monthly fees to the U. S. Trustee[9]; and, (2) the need to file

---

[7] *In re Mendez*, 46 B.R. 63 (Bankr. D. Mass. 2011); *In re Necaise*, 443 B.R. 483 (Bankr. S.D. Miss. 2010); *In re Johnson*, 402 B.R. 851 (Bankr. N.D. Ind. 2009); *In re Ball*, 2008 Bankr. LEXIS 1532, 2008 WL 2223865 (Bankr. N.D.W.Va. 2008); *In re Hilburger;* and *In re Barry S. Gluckstein d/b/a PG Vending*, Case No. 07-3958 and Case No. 08-10866 respectively, 2009 Bankr. LEXIS 1532 (Bankr. W.D. N.Y., May 29, 2009) (decided together); *In re Belcher*, 410 B.R. 206 (Bankr. W.D. Va. 2009); *In re Shotkoski*, No. 09-6063, 2009 WL 4042665 (B.A.P. 8th Cir. Nov. 24, 2009).

[8] The United States Bankruptcy Court for the District of Wyoming entered General Order 12-02 on September 12, 2012 establishing procedures allowing an individual chapter 11 debtor to move to close their case and upon successful completion of plan payments, move to reopen their case for the entry of their discharge without incurring a filing fee.

[9] 28 U.S.C. §1930(a)(6), as amended.

monthly operating reports. By eliminating the U.S. Trustee's fees, debtor's unsecured creditors are paid a greater distribution, rather than those funds being diverted to the U. S. Trustee's program. The U.S. Trustee does not normally object to an individual chapter 11 debtor's request to close the case before the discharge once the estate has been fully administer as this comports with the Bankruptcy Code and bankruptcy policy allowing increased payments to creditors.[10]

A consequences to debtors and creditors of closing an individual chapter 11 case before the debtor's discharge is entered is that closing the case terminates the stay.[11] In this case, Debtors requested and received an order closing their case after their Final Report was filed. Neither Debtors' motion nor the court's order continues the application of the automatic stay upon closing.[12]

Debtors argued that the administrative procedure of closing their case was actually a "suspension" for the purpose of eliminating the U.S. Trustee fees. This court disagrees. There is nothing in the motion, order, or Bankruptcy Code to support this position. Debtors' bankruptcy case was closed and the automatic stay was terminated.

The court also considers whether Bank's actions violated the discharge

---

[10] Walter W. Theus, Jr., *Individual Chapter 11s: Case Closing Reconsidered*, 29-1 ABIJ 1, Feb. 2010.

[11] § 362(c)(2).

[12] Whether this court has authority to continue the automatic stay in these circumstances, without an adjudication of cause for the early entry of a discharge, is not before the court and will not be addressed.

injunction.[13] As stated previously, an individual chapter 11 debtor is discharged from their debts upon completion of plan payments, unless after notice and hearing, the court orders otherwise for cause. In reviewing the record, this court finds that the Debtors acknowledged that their plan payments are not completed. As the Debtors have not completed their plan payments, they have not received a discharge. Therefore, the court finds, in absence of a discharge injunction, Bank cannot have violated a discharge injunction in its actions to enforce the Plan.

<u>Allegation of Banks' failure to comply with plan provision requiring notice of default to Debtors</u>

Debtors assert that Bank did not comply with the noticing requirements of the confirmed Plan regarding a post-confirmation default. Debtors' Plan states under Article Six,

> "Prior to taking action to repossess collateral or collect a claim from the reorganized debtors in any manner, a creditor treated under the plan must send a written notice to the reorganized debtors 15 days prior to taking action. The debtors shall have a 15 day cure period after receiving the written notice of default."

Bank's Exhibit A is a letter dated February 15, 2011, referencing Article Six and is a written notice of debtors' default. Debtors did not testify that they did not receive the notice. Bank initiated the Enforcement Action in the State District Court on November 29, 2011. This time frame provided the Debtors more than 15 days to cure the default. The court finds that Bank complied with the Plan terms regarding notice of Debtors'

---

[13] § 524(a)(2).

post-confirmation default and did not violate the Plan provisions.

<u>Plan's provision providing for the Bankruptcy Court's exclusive jurisdiction for enforcement of the Plan</u>

Debtors argued that the Plan provides that the Bankruptcy Court retains exclusive jurisdiction for enforcement of the plan provisions. The Tenth Circuit BAP addressed this issue in *Houlik,* stating,

> "Pursuant to § 1141(a), after confirmation of a plan, the debtors and creditors are bound by the provisions thereof. Implementation of the plan is governed by § 1142, which requires the debtor to carry out the plan and to comply with any orders of the court. Further, § 1142 authorizes the bankruptcy court to "direct the debtor and any other necessary party...to perform any ...act...that is necessary for the consummation of the plan. And § 105 empower this bankruptcy court to issue any order necessary or appropriate to carry out the provisions of the Code, including sanctions. But a bankruptcy court's jurisdiction is not derived from provisions of the Code, and is instead confined solely to proceedings described in Title 28 of the United States Code. In other words, §§ 105, 1141, and 1452 of the Code do not provide an independent basis for jurisdiction...a bankruptcy court may have jurisdiction over some post-confirmation matters, but jurisdiction is factually dependent."

In *Houlik*, the creditor repossessed debtors' vehicle after their case was voluntarily closed without a discharge. The Tenth Circuit BAP reversed and vacated the Bankruptcy Court's order awarding costs, actual damages and punitive damages to debtors as a sanction. The facts are substantially similar to the facts of the case before this court. The Houlik's plan contained a jurisdiction retention provision giving the bankruptcy court broad powers to determine matters arising in connection with the interpretation, enforcement, consummation, implementation and administration of the plan. In this case,

Debtors' plan provides,

> Following confirmation the bankruptcy court shall retain jurisdiction to:...
> (2) to enter order necessary or appropriate to carry out the provisions of the plan, including the curing of a defect, omission, or inconsistency in the plan necessary to carry out the overall intent of the plan.

The Tenth Circuit BAP notes "[R]etention of jurisdiction provisions in a plan cannot broaden a bankruptcy court's jurisdiction.[14]

The Tenth Circuit BAP states,

> " In general, bankruptcy courts "may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11," also known as core proceedings, and any "proceeding that is not a core proceeding but that is otherwise related to a case under title 11," also known as non-core proceedings.[15] Core proceedings are proceedings which have no existence outside of bankruptcy. Actions which do not depend on the bankruptcy laws for their existence and which could proceed in another court are not core bankruptcy proceedings."

The Tenth Circuit BAP found that resolution of the Houliks' claim did not require the interpretation or enforcement of bankruptcy law. Their claim lacked "an anchor to bankruptcy law sufficient to confer core jurisdiction." The claim could proceed in state court as an action for breach or contract. The Tenth Circuit BAP also found that because the Houlik's claim was a non-core proceeding, the Bankruptcy court had jurisdiction over it "only if it is sufficiently related to the Houliks' Chapter 11 bankruptcy case."

---

[14] *Houlik* citing *In re Resorts Int'l Inc.* 372 F.3d 154, 161 (3rd Cir. 2004) ("subject matter jurisdiction cannot be conferred by consent of the parties").

[15] *Houlik* citing 28 U.S.C. §157 (b)(1) and (c)(1).

Page 8

To determine whether a proceeding is related to a bankruptcy case, the Tenth Circuit BAP cited the United States Court of Appeals for the Tenth Circuit's ("Tenth Circuit") adoption of the standard of "related to" jurisdiction from the United States Court of Appeals for the Third Circuit in *Pacor, Inc. v. Higgins*.[16]

The Tenth Circuit stated,

> "Related proceedings are civil proceedings that, in the absence of a bankruptcy petition, could have been brought in a district court or state court. The test for determining whether a civil proceeding is related in bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. Although the proceeding need not be against the debtor or his property, the proceeding is related to the bankruptcy if the outcome could alter the debtor's right, liabilities, options, or freedom of action in any way, thereby impacting on the handling and administration of the bankruptcy estate.
>
> A bankruptcy court has jurisdiction over disputes regarding alleged property of the bankruptcy estate at the outset of the case. When property leaves the bankruptcy estate, however, the bankruptcy court's jurisdiction proceeding comes to an end.
>
> A bankruptcy court's statutorily defined jurisdiction is the same after confirmation of a plan as it was before confirmation. However, it is generally accepted that a bankruptcy court's jurisdiction narrows to some extent after plan confirmation with respect to non-core proceedings and "related to" jurisdiction."

The Tenth Circuit BAP then discussed the tests adopted by courts addressing post-confirmation "related to" jurisdiction but reflects that the Tenth Circuit has not articulated a specific test. The Third Circuit adopted the 'close nexus" test which

---

[16] *Houlik* citing *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984), overruled on other grounds by *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124 (1995).

determined that "at the post-confirmation stage, the claim must affect an integral aspect of the bankruptcy process. There must be a close nexus to the bankruptcy plan or proceeding.[17] Broader and narrower standards have been articulated in different courts.[18]

In *Houlik*, the Tenth Circuit BAP majority concluded that regardless of the standard applied, the Bankruptcy Court did not have post-confirmation "related to" jurisdiction over the repossession action. The action did not affect an integral aspect of the bankruptcy process, nor the interpretation, implementation, consummation, execution, or administration of the confirmed plan. The state court remedy was available to the parties. The separate concurring opinion in *Houlik*, found that the Debtors' claim, "did not require interpretation or enforcement of the Plan" under the majorities analysis of "related to" because the creditor was "merely exercising its lien rights expressly allowed by the Plan."

In this case, the application of the majority's analysis or the concurring opinion results in the same conclusion. Based upon the majority's analysis, the Bank's actions did not affect an integral aspect of the bankruptcy process or require the interpretation,

---

[17] *Houlik* at 675.

[18] *Houlik* at 675, citing *Boston Reg'l Med. Ctr., Inc. v. Reynolds (In re Boston Reg'l Med. Ctr., Inc.)*, 410 F.3d 100, (1st Cir. 2005) (liquidating debtor exists solely for executing an order of the bankruptcy court and any litigation involving debtor relates more directly to a proceeding under Title 11); *In re Fairfield Cmtys., Inc.*, 142 F.3d 1093, 1095 (8th Cir. 1998) and *In re Craig's Stores*, 266 F.3d 388 (5th Cir. 2001) (estate of the debtor, and the bankruptcy court's jurisdiction, ceases to exist upon plan confirmation but jurisdiction over aspects of a plan related to its administration and interpretation can be explicitly retained in confirmation order); *Cytomedix, Inc. v. Perfusion Partners & Assoc., Inc.*, 243 F. Supp. 2d 786, 789-790 (jurisdiction depends on whether the outcome of the action could impact creditor recovery or the implementation of the confirmed plan).

implementation, consummation, execution, or administration of Debtors' Plan. In applying the concurring opinion's analysis, the Bank was attempting to enforce its lien rights allowed by the provisions of the Plan.

This court concludes that it does not have post-confirmation "related to" jurisdiction over the Enforcement Action. A state court remedy was appropriate. In conclusion, based upon the above, the court does not find that the Bank violated the automatic stay, discharge injunction or provisions of the Plan.

IT IS ORDERED that the Motion for Order to Show Cause and/or for Contempt Citation is denied.

DATED this 28 day of April, 2014.

By the Court

HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge

Service to:
Stephen Winship
Thomas Klepperich